**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

CONCIERGE AUCTIONS, LLC,

      Petitioner,

v.

      CIVIL ACTION NO.  1:21-CV-894

ICB PROPERTIES OF MIAMI, LLC,

      Respondent.

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Concierge Auctions, LLC ("Concierge" or "Petitioner") files this Petition to Confirm Arbitration Award against Respondent ICB Properties of Miami, LLC ("ICB" or "Respondent"), and respectfully shows the Court as follows:

1.      Petitioner seeks: (a) an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 9, confirming the final arbitration award, dated July 26, 2021 (the "Final Award") that was issued in an arbitration conducted before the American Arbitration Association awarding Petitioner the sum of $192,417.70,[1] plus interest at the applicable post judgment interest rate from the date of the Final Award until paid and (b) entry of judgment thereon pursuant to 9 U.S.C.§ 13. A true copy of the Final Award is attached hereto as **Exhibit A**.

---

[1]  The Final Award specifies that the $165,122.70 award consists of: (a) $20,000, which the parties stipulated to be the amount of attorneys' fees, costs, and expenses incurred by Concierge in a Florida state court action that ICB commenced in violation of its obligation to have all disputes resolved through arbitration; (b) $145,000, representing the reasonable attorneys' fees incurred by Concierge as the prevailing party in the Arbitration; and (c); expenses of $122.70.  Exh. A, pp. 3, 5.

4913482v4 014464.0116

**PARTIES**

2.    Petitioner Concierge Auctions, LLC is a limited liability company organized under the laws of Delaware with places of business located in New York, New York and Austin, Texas. The members of Concierge are Brady Hogan Investments, LLC, a limited liability company organized under the laws of Florida, whose sole member is Laura Brady; and CA Partners LLC, a limited liability company organized under the law of Colorado, whose members are Chad Roffers and Bradlee Roffers.

3.    Laura Brady, Chad Roffers and Bradlee Roffers are citizens of Texas.

4.    Respondent ICB Properties of Miami, LLC ("ICB" or "Respondent") is a limited liability company organized under the laws of Florida, with its principal address at 14311 Biscayne Boulevard, #607, North Miami, FL 33161.

5.    Upon information and belief, the members of ICB are Vincent Miclet, who is a citizen or subject of a foreign state, i.e. France; and Marius Hernberg, who is a citizen of Florida.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3), in that this is a civil action between citizens of different states in which a citizen of a foreign state is also a party, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue is proper in this judicial district pursuant to 9 U.S.C § 9 because the parties entered into an agreement in which they each consented to the "exclusive jurisdiction of the state and federal courts located in the County of Travis, State of Texas" in connection with a petition to confirm the Final Award that is the subject of this petition.

# FACTS

8.      Concierge is a well-renowned global real estate auction marketing firm, which markets, manages, and conducts auctions for high-end luxury residential properties worldwide.  In January 2019, Respondent hired Concierge to provide auction related services in connection with the real estate auction of Respondent's property located at 41 Arvida Parkway, Coral Gables, FL 33156 (the "Property").  The parties memorialized their relationship by executing an Auction Agreement, dated January 23, 2019 (the "Auction Agreement").  A true and correct copy of the Auction Agreement is attached hereto as **Exhibit B**.

9.      Paragraph 17 of the Auction Agreement contains an expansive arbitration provision under which ICB consented to the jurisdiction of this Court for the purpose of confirming an arbitration award, as follows:

> Arbitration; Venue; Prevailing Party.  The parties shall submit any and all controversies, disputes, claims and matters of difference arising out of or relating to this Agreement, including but not limited to its performance, enforcement, scope and/or interpretation, exclusively to arbitration in Austin, Texas in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association then in effect (the "Rules"). Notwithstanding anything to the contrary contained in this Agreement, each of the Parties agrees that this Agreement evidences a transaction involving interstate commerce and that the Federal Arbitration Act applies to and governs this arbitration provision and shall preempt any inconsistent state or federal rule or law. The parties agree to grant all powers to the arbitrator to the fullest extent of the Rules. . . .   The parties agree to abide by all decisions reached and awards rendered in such arbitration proceedings, and all such decisions and awards will be final and binding on both parties. **Judgment upon the award may be entered in any court of competent jurisdiction or application may be made to such court for a judicial acceptance of the award and an order of enforcement. Each of the Parties consents to the exclusive jurisdiction of the state and federal courts located in the County of Travis, State of Texas (and of the appropriate appellate courts therefrom) in any such action or proceeding (including an action to compel arbitration or to stay any proceeding inconsistent with this provision) and in any other action or proceeding arising out of or relating to this Agreement, including but not limited to its**

4913482v4 014464.0116

> **performance, enforcement, scope and/or interpretation, and waives any objection to venue or to the jurisdiction of such courts.**.

Ex. B, ¶17 (emphases added).

10.    In addition, paragraph 17 of the Auction Agreement contains a provision under which ICB agreed that Concierge would be entitled to recover the reasonable attorneys' fees and costs in connection with a successful arbitration, and in connection with proceedings to confirm an arbitration award, as follows:

> In the event of any such arbitration or any permitted court action, **the prevailing party shall be entitled to reimbursement from the non-prevailing party of all reasonable attorneys' fees and costs/expenses of the prevailing party and any award of the arbitrator(s) or court will include costs and reasonable attorneys' fees to the prevailing party. If any Party files a court action . . . to confirm, vacate or modify an arbitration award . . ., or in the event any Party seeks enforcement of any arbitration award or judgment arising out of an arbitration award**, **reasonable attorneys' fees and other costs incurred by the prevailing Party in such court action or in connection with such judgment enforcement shall be reimbursed by the non-prevailing Party**… .

Ex. A, ¶17 (emphases added).

11.    On or about September 17, 2019, Petitioner initiated an arbitration with the American Arbitration Association (the "AAA Arbitration") (AAA Case No. 01-19-0002-9747) and served an Arbitration Demand on Respondent.  Attached hereto as **Exhibit C** is a true and correct copy of the Arbitration Demand.

12.    The Arbitration Demand asserted claims for breach of the Auction Agreement, and sought to recover actual damages and attorneys' fees, and the costs of the AAA Arbitration.

13.    On January 2, 2020, Jeff Lefkowitz, Esq. (the "Arbitrator") was duly appointed as arbitrator pursuant to the Commercial Rules of the AAA and the Agreement.

14.    ICB fully participated in the AAA Arbitration, personally and through its attorneys, Law Offices of Aaron Resnick, P.A. and FMS Lawyer PL.

4913482v4 014464.0116

15.    The final evidentiary hearing in the Arbitration took place on May 11, 2021.

16.    On July 26, 2021, the Arbitrator issued the Final Award, finding that Respondent breached the Arbitration Provision of the Agreement and awarding Petitioner the sum of $165,122.70, plus interest at the applicable post judgment interest rate from the date of the Final Award until paid, plus the additional conditional fee awards described below.  In addition, the Final Award provides that "ICB shall reimburse Concierge the sum of $27,295 representing the portion of [the administration fees and expenses of the AAA and the compensation and expenses of the Arbitrator] in excess of the apportioned costs previously incurred by Concierge upon demonstration by Concierge that these incurred costs have been paid."  Exh. A, pp. 5-6.

17.    Attached hereto as **Exhibit D** is a statement issued by the AAA showing that the incurred costs referenced in the Final Award have been paid by Concierge.

18.    The Final Award provides for further conditional awards of attorneys' fees in favor of Concierge in the following incremental amounts: (a) $40,000, if ICB opposes the confirmation of the Final Award and is unsuccessful; plus (b) an additional $85,000, if ICB contests the Final Award, or its confirmation, in a court of appeals, and is unsuccessful; plus (c) an additional $35,000 if ICB unsuccessfully requests the Texas Supreme Court to consider this case; plus (d) an additional $125,000 if the Texas Supreme Court considers this dispute on its merits and ICB is unsuccessful in its appeal.

19.    The Final Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

20.    Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Final Award was made on July 26, 2021.

4913482v4 014464.0116

**COUNT ONE**
**CONFIRM ARBITRATION AWARD UNDER THE FEDERAL ARBITRATION ACT**

21.     Petitioner repeats and realleges Paragraphs 1 through 20 hereof, as if fully set forth within.

22.     Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, a party to the arbitration may apply for an ordering confirming the award if the parties agreed a judgment of the court shall be entered upon the award.  Paragraph 17 of the Agreement specifically authorizes such application to confirm the Final Award.

23.     By reason of the foregoing, this Court should issue an order confirming the Final Award and direct that judgment be entered thereon.

**CONCLUSION AND PRAYER**

**WHEREFORE**, Petitioner respectfully requests the entry of judgment as follows:

A.  Confirming the Final Award in all respects, in accordance with 9 U.S.C. § 9;

B.  A money judgment in favor of Concierge Auctions, LLC, 405 Lexington Avenue, New York, New York 10174, and against ICB Properties of Miami, LLC, 14311 Biscayne Boulevard, #607, North Miami, FL 33161, in the amount of: (i) $192,417.70 with interest from July 26, 2021, if ICB does not oppose this Petition; or (i) $232,417.70 with interest from July 26, 2021 if ICB unsuccessfully opposes this Petition.

C.  retaining jurisdiction to enter judgment for the other conditional amounts set forth in the Final Award if the conditions for such an award take place; and

D.  awarding Petitioner such other and further relief as the Court deems just and proper.

4913482v4 014464.0116

Dated: October 5, 2021

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ Stacy Allen*
    Stacy Allen
    TX State Bar No. 24034185
    100 Congress Avenue, Suite 1100
    Austin, TX  78701
    (512) 236-2000 – Tel
    (512) 236-2002 – Fax
    stacyallen@jw.com

and

**MOSES & SINGER LLP**

By: */s/ Robert D. Lillienstein\**
    Robert D. Lillienstein, Esq.
    (\*application for *pro hac vice* forthcoming)
    NY State Bar No. 1939073
    405 Lexington Avenue
    New York, NY 10174
    (212) 554-7807 – Tel
    (917) 206-4307 – Fax
    rlillienstein@mosessinger.com

**ATTORNEYS FOR PETITIONER**

4913482v4 014464.0116