# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CONCIERGE AUCTIONS, LLC, <br><br> Petitioner, <br><br> V. <br><br> ICB PROPERTIES OF MIAMI, LLC, <br><br> Respondent. | CIVIL ACTION NO. 1:21-CV-894 |

## PETITIONER'S OPPOSED MOTION FOR AWARD OF ATTORNEY'S FEES AFTER APPEAL

In connection with the Final Arbitration Award ("Final Award") issued on July 26, 2021; confirmed in all respects by this Court's Order on Report and Recommendation of the United States Magistrate Judge and Final Judgment rendered August 26, 2021 (Dkt. Nos. 23, 24); and affirmed by the United States Court of Appeals for the Fifth Circuit on August 7, 2023 (Dkt. No. 29), Petitioner Concierge Auctions, LLC ("Concierge") respectfully moves the Court for an award of attorney's fees after appeal in the amount of $85,000, as provided under the express terms of the Final Award.

### Concierge is Entitled to Attorney's Fees after Appeal

On September 17, 2019, Concierge initiated an arbitration with the American Arbitration Association (the "AAA Arbitration") and served an Arbitration Demand on Respondent ICB Properties of Miami, LLC ("ICB"). The Arbitration Demand asserted claims for breach of the Auction Agreement entered between Concierge and ICB on January 23, 2019, seeking damages, attorney's fees, and the costs of the AAA Arbitration. An Arbitrator was appointed on January 2, 2020, and the Arbitrator conducted an evidentiary hearing on May 11, 2021, at which Concierge and ICB appeared and fully participated.

On July 26, 2021, the Arbitrator issued the Final Award, finding that ICB breached the Auction Agreement and awarding Concierge $165,122.70 in damages, plus interest. *See* Final Award, Exhibit A at 3-5. The Arbitrator further determined that that Concierge was entitled to conditional attorney's fees, including $40,000 in the event that ICB unsuccessfully opposes the confirmation of the Final Award and $85,000 in the event that ICB unsuccessfully contests the Final Award, or confirmation thereof, in a court of appeals. *Id*. at 5. Finally, the Final Award directed IBC to reimburse Concierge $27,295 in administration fees and expenses of the AAA and the compensation and expenses of the Arbitrator. *Id*. at 6.

On October 5, 2021, Concierge filed a Petition to Confirm Arbitration Award with this Court seeking confirmation of the Final Award, a money judgment that included $40,000 because ICB opposed the petition as provided by the Final Award, and the continued jurisdiction of the court post-judgment to award additional conditional amounts in the event that future conditions take place. Dkt. No. 1. ICB opposed the petition by filing a Motion to Vacate Arbitration Award Dated July 26, 2021, on October 26, 2021. Dkt. No. 10. The petition, motion, and all responses and replies were referred to the United States Magistrate Judge for Report and Recommendation on December 6, 2021.

On June 30, 2022, the magistrate judge issued a Report and Recommendation, recommending that this Court grant Concierge's petition, deny ICB's motion, and render a Final Judgment confirming the Final Award and awarding Concierge $232,417.70, plus interest from July 26, 2021, in attorney's fees and expenses as ordered by the Arbitrator. Dkt. 18 at 12. The magistrate judge's recommended money judgment included $40,000 for ICB's unsuccessful contest of the Final Award as provided in the Final Award.

On August 26, 2023, this Court rendered an Order on Report and Recommendation of the United States Magistrate Judge and Final Judgment confirming the Final Award *in all respects* and rendering judgment in favor of Concierge and against ICB in the amount of $232,417.70, with interest from July 26, 2021, along with costs of the court. Dkt. Nos. 23, 24. ICB appealed this Court's Final Judgment to the Fifth Circuit on September 22, 2022.

On August 7, 2023, the Fifth Circuit affirmed this Court's Final Judgment. Dkt. No. 29. The mandate was issued September 11, 2023. *Id*. With ICB's unsuccessful contest of this Court's confirmation of the Final Award at the Fifth Circuit, Concierge moves for this Court to award Concierge the $85,000 attorney's fees provided by the Arbitrator in the Final Award. Pursuant to the terms of the Final Award, Concierge is entitled to $85,000 in attorney's fees for ICB's unsuccessful appeal as confirmed by this Court's enforceable Final Judgment rendered August 26, 2023.

## Conclusion

For these reasons, Petitioner Concierge Auctions, LLC respectfully requests the Court for an order granting it $85,000 in attorneys' fees after appeal.

Dated: October 30, 2023

                Respectfully submitted,

                **JACKSON WALKER L.L.P.**

                By: */s/ Stacy Allen*
                    Stacy Allen
                    TX State Bar No. 24034185
                    100 Congress Avenue, Suite 1100
                    Austin, TX  78701
                    (512) 236-2000 – Tel
                    (512) 236-2002 – Fax
                    stacyallen@jw.com

                ---and---

Robert D. Lillienstein, Esq.
NY State Bar No. 1939073
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174
(212) 554-7807 – Tel
(917) 206-4307 – Fax
rlillienstein@mosessinger.com

**ATTORNEYS FOR PETITIONER**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that I, as counsel for Petitioner, spoke by telephone to opposing counsel Nick Lawson on October 26, 2023, asking what his client's position was on Petitioner's Motion For Award of Attorneys' Fees. Mr. Lawson said he would inquire with his client. By email later on October 26, 2023, Mr. Lawson requested a copy of the Motion and Order, which I provided by email that day at 3:25 p.m. I inquired again by two emails on October 27, 2023 regarding his client's position. Mr. Lawson responded that he did not yet have a response from his client, stating "I understand you are going to file. If the client gets back to me with approval, we can always file something to that effect." As of October 30, 2023 at 1:30 p.m., I have heard nothing further from Mr. Lawson. Therefore, Petitioner files its Motion For Award of Attorneys' Fees as though it is opposed.

*/s/ Stacy Allen*
Stacy Allen

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

*/s/ Stacy Allen*
Stacy Allen

37856153v.1