**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **CONCIERGE AUCTIONS, LLC,** §<br>　　　*Petitioner* §<br> §<br>v. §<br> §<br>**ICB PROPERTIES OF MIAMI, LLC,** §<br>　　　*Respondent* § | **CASE NO. 1:21-CV-00894-RP** |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:　THE HONORABLE ROBERT PITMAN
　　　UNITED STATES DISTRICT JUDGE

Now before the Court is Petitioner Concierge Auctions, LLC's Opposed Motion for Award of Attorney's Fees After Appeal, filed November 3, 2023 (Dkt. 33). Respondent ICB Properties of Miami, LLC did not file a response. By Text Order entered November 6, 2023, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.　Background

Petitioner Concierge Auctions, LLC brought this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm a final arbitration award ordering Respondent ICB Properties of Miami, LLC to pay Concierge $192,417.70 in attorney's fees, costs, and expenses. Petition to Confirm Arbitration Award, Dkt. 1. ICB Properties moved to vacate the award. Dkt. 10.

ICB Properties "is a special purpose entity that mainly acted as a holding company" for a mansion in Coral Gables, Florida (the "Property"). *Id.* at 4-5. ICB Properties hired Concierge to sell the Property, and the companies executed an auction agreement. Dkt. 1-2. The auction agreement included an arbitration provision requiring the parties to arbitrate all disputes in Austin,

Texas. *Id.* at 5. The parties agreed to construe and enforce the agreement "in accordance with the laws of the State of Texas." *Id.* at 6.

After the Property sold for $25.5 million, ICB Properties refused to pay the commission to the buyer's broker, Coldwell Banker Residential Real Estate, asserting that Concierge waived the commission because the Property sold below $29 million. Dkt. 10-1 at 3-4. Coldwell Banker sued ICB Properties in Florida state court to recover the commission. *Coldwell Banker Residential Real Est., LLC v. ICB Props. of Mia., LLC*, No. 2019-014915-CA-01 (Fla. Cir. Ct. May 16, 2019), Dkt. 14-2 (the "Florida Action"). ICB Properties counterclaimed and filed a third-party complaint against Concierge, alleging that it failed to properly conduct the auction. Dkt. 10 at 2; Dkt. 10-1.

Concierge filed a Demand for Arbitration with the American Arbitration Association in Austin. Dkt. 1-3. Concierge alleged that ICB Properties breached the arbitration provision and a confidentiality provision in their auction agreement. Final Arbitration Award, Dkt. 1-1 at 1.

The Arbitrator ruled in Concierge's favor on its claim for breach of the arbitration provision but dismissed its claim for breach of the confidentiality provision and its request for punitive damages. *Id.* at 2-3. The Arbitrator found that Concierge was the "prevailing party" entitled to recover attorney's fees and expenses for its claim for breach of the arbitration provision. *Id.* at 3. The Arbitrator ordered ICB Properties to pay Concierge (1) $20,000 in attorney's fees, costs, and expenses incurred in the Florida Action; (2) $145,000 in attorney's fees and $122.70 in expenses incurred in the arbitration; (3) $40,000 in conditional attorney's fees if ICB Properties unsuccessfully opposed confirmation of the Final Arbitration Award; (4) $85,000 in conditional attorney's fees if ICB Properties unsuccessfully contested the Final Arbitration Award or its confirmation in a court of appeals; and (5) $27,295 for arbitration fees and expenses. *Id.* at 3-6.[1]

---

[1] The Arbitrator also awarded $160,000 in conditional attorney's fees for an unsuccessful appeal to the Supreme Court of Texas, which is not before the Court. Dkt. 1-1 at 5.

2

The District Court confirmed the Final Arbitration Award and awarded Concierge $232,417.70, including fees and expenses for the Florida Action and arbitration, as well as conditional fees for unsuccessful opposition of confirmation. Dkt. 23. ICB Properties appealed the confirmation to the Fifth Circuit, which affirmed. *Concierge Auctions, L.L.C. v. ICB Props. of Mia., L.L.C.*, No. 22-50850, 2023 WL 5031485 (5th Cir. Aug. 7, 2023).

## II.     Legal Standard

Congress passed the FAA "to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (cleaned up). The FAA makes contracts to arbitrate "valid, irrevocable, and enforceable" if their subject involves "commerce." *Id.* at 582 (quoting 9 U.S.C. § 2). Given the strong federal policy favoring arbitration, judicial review of an arbitration award is "extraordinarily narrow," "severely limited," and one of the most deferential standards "known to the law." *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020) (citations omitted). On application for an order confirming the arbitration award, the court "'must grant'" the order unless the award is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10-11. *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9).

## III.    Analysis

The Arbitrator granted Concierge "conditional attorney's fees of $85,000 if ICB unsuccessfully contests this award, or confirmation thereof, in a court of appeals." Dkt. 1-1 at 5. The District Court ordered the Final Arbitration Award confirmed "in all respects." Dkt. 23 at 3. Concierge argues that the Court should award "the $85,000 attorney's fees provided by the Arbitrator in the Final Award," as confirmed by the District Court, because ICB Properties unsuccessfully appealed the Final Arbitration Award. Dkt. 33 at 3. The Court agrees.

ICB Properties appealed and argued that the Final Arbitration Award should be vacated because the arbitrator lacked jurisdiction over Concierge's claims. *Concierge Auctions*, 2023 WL 5031485, at *1. The Fifth Circuit held that the arbitrator "had the authority to determine jurisdiction and arbitrability issues" and affirmed the District Court's confirmation of the award. *Id.* at *3. ICB Properties thus unsuccessfully contested the Final Arbitration Award in a court of appeals. *See Imes v. Galasso*, No. A-10-CA-373-SS, 2010 WL 11507102, at *2 (W.D. Tex. Oct. 29, 2010) (confirming arbitrator's award of conditional appellate attorney's fees and stating that a failed appeal to the Fifth Circuit "would meet the condition precedent to the award of [conditional fees] since the Fifth Circuit certainly qualifies as a 'court of appeals'").

Courts cannot reconsider the merits of an arbitration award if the arbitrator's decision "draw[s] its essence from the contract." *Commc'ns Workers of Am., AFL-CIO*, 953 F.3d at 826 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). The arbitration provision in the auction agreement states that "any award of the arbitrator(s) . . . will include costs and reasonable attorneys' fees to the prevailing party." Dkt. 1-2 at 5.

Because the Arbitrator's award of conditional appellate attorney's fees is drawn from the auction agreement, the Court cannot reconsider it, and the District Court has confirmed the award. Under the terms of the Final Arbitration Award, as confirmed by the District Court, Concierge is entitled to $85,000 in attorney's fees for the unsuccessful appeal.

An award for conditional appellate attorney's fees accrues postjudgment interest from the date the award is made final by the appropriate appellate court's judgment. *Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015). Post-judgment interest accrues from August 7, 2023, the day the Fifth Circuit issued its decision.

### IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Petitioner Concierge Auctions, LLC's Opposed Motion for Award of Attorney's Fees After Appeal (Dkt. 33) and award Concierge $85,000 in appellate attorney's fees, plus post-judgment interest from August 7, 2023, as provided in the Final Arbitration Award.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 7, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE